## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| CEDRIC CHAPPEL, Individually and on Behalf of Others Similarly Situated,<br><br>v.<br><br>LIGHTNING OILFIELD SERVICES, INC. | Case No:7:21-cv-17<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Lightning Oilfield does not pay overtime to its Safetymen.

2. Instead, Lightning Oilfield pays these workers a flat "salary" with no overtime compensation, even though they work many hours in excess of forty hours per week.

3. Lightning's policy of failing to pay overtime to its Safetymen violates the Fair Labor Standards Act (FLSA).

4. Cedric Chappel brings this collective action to recover the unpaid overtime owed to him and the other Safetymen.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Chappel's claim occurred in this district.

7. Further, Lightning Oilfield is headquartered in this District and Division.

### THE PARTIES

8. Chappel was employed by Lightning Oilfield as a Safetyman.

9. Chappel's consent to be a party plaintiff is attached.

10. Chappel brings this action on behalf of himself and all other Lightning Safetymen who were paid according to Lightning's "salary" pay plan.

11. The class of similarly situated employees (the "Safetymen") consists of:

**All Safetymen employed by Lightning in the past 3 years.**

12. Lightning is a Texas corporation with its principal place of business in Texas.

13. Lightning maintains a corporate office and a field office in Midland, Texas through which it regularly transacts business.

14. Chappel reported to this office during his employment.

15. Lightning may be served by serving its registered agent for service of process: Mark S. Waddell, 11830 N. Saginaw Blvd., Fort Worth, Texas 76179 or at any other place where Mark S. Waddell may be found.

## FLSA COVERAGE

16. For at least the past 3 years, Lightning Oilfield has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. For at least the past 3 years, Lightning Oilfield has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

18. For at least the past 3 years, Lightning Oilfield has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

19. Lightning Oilfield has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including forklifts, cranes, pole trucks, winch trucks, long-haul trucks, and trucking equipment, etc.) that have been moved in or produced for commerce.

20. Further, Lightning Oilfield's annual gross volume of sales has exceeded $1,000,000 in each of the past 3 years.

21. For at least the past 3 years, Chappel and the Safetymen were engaged in commerce or in the production of goods for commerce.

22. Lightning Oilfield treated all its Safetymen (including Chappel) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

**FACTS**

23. Lightning Oilfield provides transportation services to the oil and gas industry.[1]

24. Lightning Oilfield assists companies in the oil and gas industry with rig moves, crane rentals, pole trucks, winch trucks, heavy haul trucks and other related services.[2]

25. Chappel and the Safetymen performed duties for Lightning Oilfield that were integral to its operations, including identifying safety issues on Lightning Oilfield's worksites.

26. Chappel and the Safetymen visit Lightning Oilfield's worksites to identify and mitigate safety issues to ensure Lightning Oilfield's worksite meet standardized safety requirements.

27. Chappel ensured Lightning Oilfield's worksites met standard safety criteria required by Lightning Oilfield.

28. The duties of Chappel and the Safetymen do not require a college degree and are usually performed by workers whose highest level of formal education is a high school diploma.

29. Chappel was employed by Lightning Oilfield from December 2018 to October 2019.

---

[1] https://lightningos.com/

[2] https://lightningos.com/services/

30. Lightning Oilfield paid Chappel and the Safetymen a salary with no overtime premium for hours worked in excess of 40 in a workweek.

31. Throughout Chappel's employment with Lightning Oilfield, Lightning Oilfield paid him a salary (though that salary does not meet the requirements of the "Salary Requirements" regulations). *See* 29 C.F.R. § 541.600 et seq.

32. Chappel and the Safetymen do not receive overtime pay.

33. This is despite the fact Chappel and the Safetymen often work 14 or more hours a day, for 7 days a week, for weeks at a time.

34. Chappel typically worked 21-day rotations in Texas and New Mexico, with days off between rotations.

35. Although Chappel typically worked 7 days a week, for 14 or more hours per day, he did not receive any overtime pay.

36. Chappel and the Safetymen received a maximum "salary" regardless of the number of overtime hours they worked in a week.

37. Chappel and the Safetymen work in accordance with the schedule set by Lightning Oilfield.

38. Chappel's work schedule is typical of the Safetymen.

39. Lightning Oilfield controls Chappel's and the Safetymen' pay.

40. Chappel and the Safetymen are part of a permanent workforce employed to perform all of Lightning Oilfield's on-site safety compliance work.

### FLSA VIOLATIONS

41. Lightning Oilfield's pay plan violates the FLSA because Chappel and the other Safetymen do not receive any overtime for hours worked over 40 hours each week.

42. Lightning Oilfield knew, or showed reckless disregard for whether, its illegal pay plan violated the FLSA.

43. Lightning Oilfield's failure to pay overtime compensation to the Safetymen was not based on any reasonable interpretation of the law.

44. Nor was Lightning Oilfield's decision not to pay overtime made in good faith.

45. Accordingly, Chappel and the Safetymen are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

**NMMWA VIOLATIONS**

46. Lightning Oilfield's plan violates the NMMWA (NMSA § 50-4-22) for the same reasons it violates the FLSA – Safetymen did not receive overtime for hours worked over 40 in a week.

47. Because it employed Safetymen (including Chappel) in New Mexico, Lightning was subject to the requirements of the NMMWA.

48. Lightning Oilfield employed Chappel and other Safetymen in New Mexico as "employees" within the meaning of the NMMWA.

49. The NMMWA requires employers like Lightning Oilfield to pay employees at 1.5 times the regular rate of pay for hours worked in excess of 40 hours in any one week.

50. Chappel and all other Safetymen employed in New Mexico are entitled to overtime pay under the NMMWA.

51. Chappel and the other Safetymen employed in New Mexico are entitled to unpaid overtime equal to 1.5 times their regular rates of pay for hours worked in excess of 40 hours in each workweek, prejudgment interest, all available liquidated and/or penalty wages, and such other legal and equitable relief as the Court deems just and proper.

## COLLECTIVE ACTION ALLEGATIONS

52. Numerous employees have been denied overtime by Lightning Oilfield's no overtime pay plan.

53. Lightning Oilfield's express policies make it clear other Safetymen (in addition to Chappel) were not paid overtime.

54. These employees are similarly situated to Chappel in terms of *relevant* job duties (as described above), pay provisions, and employment practices.

55. Lightning Oilfield's failure to pay overtime results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of any individual Safetyman.

56. Thus, Chappel's experiences are typical of the experiences of the Safetymen.

57. All Safetymen, regardless of their precise rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

58. Chappel demands a trial by jury.

## RELIEF SOUGHT

59. Wherefore, Chappel prays for:

   a. an order allowing this action to proceed as a collective action and directing notice to the other Safetymen;

   b. judgment finding Lightning Oilfield in violation of the FLSA;

   c. judgment finding Lightning Oilfield in violation of the NMMWA;

   d. judgment finding Lightning Oilfield liable to Chappel and the Safetymen for unpaid overtime, an equal amount of liquidated damages, and treble damages;

   e. judgment awarding Chappel and the Safetymen reasonable attorney's fees and costs of this action;

   f. judgment awarding Chappel and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   g. such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
   Richard J. (Rex) Burch
   Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

DocuSign Envelope ID: D4485110-26A4-4C2A-9659-093590E7BB6F

## CONSENT TO JOIN WAGE CLAIM

Print Name: Cedric Chappel

1. I hereby consent to participate in a collective action lawsuit against **Lightning Oilfield Services, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Cedric Chappel* (DocuSigned by: 5C548A20192B42D...)